**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY, a Tennessee corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ROBERT P. MOSIER, as Receiver for the Trustee of The Luz Cervantes Irrevocable Trust, and as Receiver for the Trustee of The Lupe Martinez Irrevocable Trust,<br><br>Defendant - Appellee. | Nos. 10-55918, 10-55919<br><br>D.C. Nos. 2:09-cv-08781-PSG-E, 2:09-cv-07512-PSG-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 6, 2011[**]
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.[***]

In these consolidated appeals, Protective Life Insurance Company ("Protective Life") appeals from the district court's judgment denying its motions for leave to sue receiver Robert T. Mosier ("Receiver") *nunc pro tunc*, and granting the Receiver's motion to hold Protective Life in violation of a preliminary injunction and strike its two lawsuits. The appeals arise from a Securities and Exchange Commission enforcement action, in which the district court appointed the Receiver and issued a preliminary injunction imposing a blanket stay of litigation against the Receiver unless a party received leave of court. Protective Life filed two lawsuits against the Receiver without first obtaining leave from the district court.

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (the abuse of discretion standard applies to a district court's decisions concerning management of litigation); *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) ("A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion."); *In re At Home Corp.*,

---

[***] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

392 F.3d 1064, 1067 (9th Cir. 2004) (bankruptcy court's entry of a *nunc pro tunc* approval of a motion reviewed for abuse of discretion).

The district court did not abuse its discretion by denying Protective Life's requests for *nunc pro tunc* relief because Protective Life's failure to obtain leave of court to sue the Receiver prior to filing its lawsuits was not due to error or inadvertence by the district court. *See United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (the power to enter an order *nunc pro tunc* "is limited to making the record reflect what the . . . court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence").

The district court did not abuse its discretion by dismissing Protective Life's lawsuits without prejudice after determining that Protective Life had violated the court's preliminary injunction without good cause. *See F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").

Protective Life's remaining contentions are unpersuasive.

Protective Life's Request to Take Judicial Notice is granted.

**AFFIRMED.**